# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50017 | **DATE** | March 12, 2008 |
| **CASE TITLE** | Jason Montague #B29879 v. Illinois Department of Corrections | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* is granted.[6] The complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim, terminating case. Any other pending motions are denied as moot. The trust fund officer at Plaintiff's current place of incarceration is ordered to make deductions from Plaintiff's account and payments to the clerk of court as stated herein. A copy of this order shall be sent to the trust fund officer at the Dixon Correctional Center. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

The court finds that Plaintiff, Jason Montague, a state prisoner confined at Dixon Correctional Center, is unable to prepay the filing fee. The court grants plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $10.91, pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915A, the court is directed to dismiss a suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief.

| | Courtroom Deputy Initials: | STE |
|---|---|---|

## STATEMENT

Plaintiff alleges that he has been sick for years, and that he has been denied the correct treatment for his condition, though he fails to state what his condition is, or who has denied him treatment. He states that he needs to see a specialist for his life-threatening disease that he does not know the name of. He states finally that he has been suffering for the past 100 days, but he does not say how. Plaintiff sues only the Illinois Department of Corrections.

In an Eighth Amendment claim of inadequate medical care in a prison, a Plaintiff must show that a responsible state official was deliberately indifferent to his or her serious medical condition. *See, e. g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gutierrez v. Peters*, 111 F. 3d 1364, 1369 (7th Cir. 1997). A condition is serious if "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez*, 111 F. 3d at 1373 (citation and internal quotations omitted). Second, a Plaintiff must show that a state official acted with the requisite culpable state of mind, deliberate indifference, a subjective standard. State officials are deliberately indifferent if they "know of and disregard an excessive risk to inmate health or safety; the official[s] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Farmer,* 511 U.S. at 837. *See Dunigan v. Winnebago County*, 165 F. 3d 587, 590-91 (7th Cir. 1999). Plaintiff has not met his burden of alleging that he had a serious medical condition, that anyone was indifferent to this condition, or that he suffered a serious injury as a result of denial of the "correct" medical care. An inmate does not have the right to choose his treatment, and his statement that he has not received a specialist or the "correct treatment" does not render the treatment he may have received inadequate or establish that those treating him have acted with deliberate indifference. *See Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir.1987); *Sanchez v. Vild*, 891 F.2d 240, 241 (9th Cir. 1989). In addition, Plaintiff has not alleged that any Defendant intended to harm him. *See Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974). While this court reads the pleadings of a *pro se* Plaintiff generously under the court's "notice pleading" standard, (Federal Rule of Civil Procedure 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, ----, 127 S.Ct. 1955 (2007)), nevertheless, Plaintiff fails to allege a single element of a claim for failure to provide him medical care at Dixon Correctional Center.

Further, Plaintiff sues only the Illinois Department of Corrections (and possibly the State of Illinois) an entity immune from suit for monetary damages under the 11th Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995). Under *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), neither the State nor its officials acting in their official capacities are persons subject to suit under § 1983. The Eleventh Amendment bars a suit for damages against the State Department of Corrections. *Kroll v. Board of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir.1991). In this case, the Department of Corrections is an agency of the State of Illinois. State agencies are treated the same as states. *Id.* "Indeed, a state agency is the state for purposes of the eleventh amendment." *Id.* Plaintiff's complaint fails to allege that any individual was deliberately indifferent to his medical needs. Indeed, it does not appear that plaintiff's allegations implicate any correctional or medical staff. But because Plaintiff has failed to state a claim for relief, he cannot now correct his complaint by naming individuals as Defendants. His failure to state a claim here does not turn on naming the proper Defendants, because there is no claim in this complaint that is sufficient to state a constitutional violation.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If he wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P.