## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50017 | **DATE** | April 4, 2008 |
| **CASE TITLE** | James Montague #B29879 v. Illinois Dept. of Corrections | | |

**DOCKET ENTRY TEXT:**

   Plaintiff filed a "Motion requesting an extension of time on a unconstitutional argument" [sic]. [9] Finding that Plaintiff does not clearly show either a manifest error of law or fact or present newly discovered evidence, the court denies his motion requesting an extension of time,[9] which this court construes as a motion to reconsider the March 12, 2008 dismissal. *See Dresser Industries v. Pyrrhus AG,* 936 F.2d 921, 936 (7th Cir. 1991). Any other pending motions are denied as moot.

■[ For further details see text below.]                          Docketing to mail notices.

### STATEMENT

   To the extent that Plaintiff wishes the court to reconsider its dismissal order, the court construes Plaintiff's motion for extension of time as a motion to reconsider pursuant to Fed. R. Civ. P. 60(b), as it was filed more than 10 days after the dismissal order. This motion is denied. Rule 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). It is not a substitute for a timely appeal. *Newberg v. Michael Reese Hosp. Found.,* 123 F. 3d 951, 955 (7th Cir. 1997). Plaintiff's motion did not seek relief under any of the grounds specified in Rule 60(b), but simply asserted that he wanted more time to do legal research on the issues he presented to the court. This is an impermissible use of Rule 60(b). *Bell v. Eastman Kodak Co.,* 214 F. 3d 798, 801-802 (7th Cir. 2000).

   The dismissal order of March 12, 2008, explained the reasons for the dismissal, stating in part that Plaintiff failed to allege that he had a serious medical condition, that he did not have the right to choose a particular type of treatment, failed to allege that anyone was deliberately indifferent to his medical condition, failed to allege that anyone intended to cause him harm, and finally failed to name any person responsible for anything related to his medical care. He sued only the Illinois Department of Corrections, which as a state agency cannot be sued for damages. The court's prior order explained all reasons for these findings. Also in that order, Plaintiff was instructed that he had 30 days to appeal the dismissal if he wished to do so. As yet he has not done so. For all of the reasons given in this court's March 12, 2008 order, the plaintiff's motion for extension of time, construed as a motion to reconsider, is denied.

                                                                                   STE